```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA       :
                               :   No. 3:07 Cr. 12 (JCH)
     v.                        :
                               :
PETRU BOGDAN BELBITA,          :
                               :
          Defendant.           :
```

### STIPULATION AND ORDER REGARDING DISCOVERY

WHEREAS, on or about January 18, 2007, defendant Petru Bogdan Belbita (the "Defendant") was indicted in the above-captioned matter by a grand jury empaneled in the District of Connecticut;

WHEREAS, on or about May 15, 2008, the Defendant was also indicted by a grand jury empaneled in the Central District of California, the matter captioned United States v. Hiep Thanh Tran et al., Crim. No. 08-584;

WHEREAS the United States of America ("Government") represents that it has submitted applications to extradite the Defendant from Canada with respect to both indictments;

WHEREAS the Court appointed Sebastian O. DeSantis, Esq., to represent the Defendant, and Attorney DeSantis entered his appearance on or about February 27, 2009;

WHEREAS the Government is prepared to disclose documents and other materials in accordance with its discovery obligations (the "Discovery Materials") that contain private personal and financial information of alleged crime victims; and

WHEREAS the Government represents that the documents and other materials that it is required to disclose are so voluminous that it would not be practicable to redact private personal and financial information of alleged crime victims;

NOW, THEREFORE, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the Government and the Defendant hereby stipulate and agree as follows:

1. As used herein, the term "private personal and financial information" shall include any "means of identification," as defined in 18 U.S.C. § 1028(d)(7), of any individual referenced in the Discovery Materials other than the Defendant, a co-defendant, or a co-conspirator.

2. As used herein, the term "these proceedings" refers to the pending criminal proceedings against the Defendant in the District of Connecticut and the Central District of California.

3. The Government shall identify to counsel for the Defendant, in writing, any of the Discovery Materials that are believed by the Government to contain private personal and financial information (the "Protected Discovery Materials"). The term "Protected Discovery Materials" shall also include: (a) any Discovery Materials that are actually known by counsel for the Defendant to contain private personal and financial information, and (b) any notes, reports, or other documents that are produced

or prepared in connection with this matter that contain any private personal and financial information.

      4.    Counsel for the Defendant shall be responsible for, and shall retain possession and control of, the Protected Discovery Materials. Copies of the Protected Discovery Materials may be provided to expert witnesses or other litigation consultants specifically retained to assist counsel for the Defendant in these proceedings, but only after such witnesses or consultants have been provided with a copy of this Stipulation and Order and agreed to abide by the terms thereof.

      5.    Counsel for the Defendant may review and discuss the Protected Discovery Materials with the Defendant, but the Defendant may not keep possession of the Protected Discovery Materials at any time.

      6.    The Protected Discovery Materials may be used solely for the purpose of representing the Defendant in these proceedings.

      7.    Any court filing in these proceedings that refers to private personal and financial information shall be redacted in accordance with Local Criminal Rule 57(b)(1) or, if such redaction is impracticable and if permission is granted by the Court, filed under seal.

      8.    Counsel for the Defendant and any other individual possessing any Protected Discovery Materials shall destroy the

materials or return them to the Government after judgments in these proceedings have become final or after there is no longer a legitimate purpose served in retaining the materials, whichever is earlier.

                                      NORA R. DANNEHY
                                      ACTING UNITED STATES ATTORNEY

/s/ Sebastian O. DeSantis     By: /s/ Edward Chang
SEBASTIAN O. DESANTIS, ESQ.        EDWARD CHANG
Attorney for the Defendant         Assistant United States Attorney
P.O. Drawer 191                       157 Church St., 23rd floor
345 State St.                         New Haven, CT 06510
New London, CT 06320

IT IS SO ORDERED
this  30th  day of ~~May, 2009:~~ April, 2009

    /s/ Janet C. Hall
_____
HON. JANET C. HALL
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

      Pursuant to Title 28, United States Code, Section 1746, and Rule 5(b) of the Local Civil Rules of the United States District Court for the District of Connecticut, I hereby certify that a copy of the document(s) listed below:

    Government's Motion for Protective Order

was filed electronically and was served by electronic mail on the following parties:

    Sebastian O. DeSantis, Esq.
    Sabilia & DeSantis, LLC
    P.O. Drawer 191
    New London, CT 06320

Notice of this filing will be sent by email to anyone unable to electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

      I certify under penalty of perjury that the foregoing is true and correct.

Dated:    April 29, 2009

                                    /s/ Edward Chang
                                    EDWARD CHANG